**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

EDWARD J.,

                Plaintiff,

    v.                                                                                              5:21-CV-150
                                                                                                       (DJS)

KILOLO KIJAKAZI, *Acting Commissioner*
*of Social Security*,

                Defendant.
_____

**APPEARANCES:**                                                                      **OF COUNSEL:**

LAW OFFICE OF KENNETH HILLER, PLLC          KENNETH HILLER, ESQ.
Attorney for Plaintiff                                                     JUSTIN GOLDSTEIN, ESQ.
6000 N. Bailey Ave., Suite 1A
Amherst, New York 14226

U.S. SOCIAL SECURITY ADMIN.                         AMY C. BLAND, ESQ.
OFFICE OF REG'L GEN. COUNSEL
Attorney for Defendant
6401 Security Blvd.
Baltimore, Maryland 21235

**DANIEL J. STEWART**
**United States Magistrate Judge**

## MEMORANDUM-DECISION AND ORDER[1]

      Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) seeking review of a decision by the Commissioner of Social Security that Plaintiff was not disabled.

---

[1] Upon Plaintiff's consent, the United States' general consent, and in accordance with this District's General Order 18, this matter has been referred to the undersigned to exercise full jurisdiction pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73.  *See* Dkt. No. 5 & General Order 18.

Currently before the Court are Plaintiff's Motion for Judgment on the Pleadings and Defendant's Motion for Judgment on the Pleadings. Dkt. Nos. 17 & 20. For the reasons set forth below, Plaintiff's Motion for Judgment on the Pleadings is denied and Defendant's Motion is granted.

## I. RELEVANT BACKGROUND

### A. Background

Plaintiff was born in 1975. Dkt. No. 13, Admin. Tr. ("Tr."), p. 230. Plaintiff reported having completed 11th grade. Tr. at p. 235. His past work experience was as a landscaper and in construction. Tr. at p. 22. Plaintiff alleged disability based upon spinal problems, including a bulging disc and a ruptured disc, and nerve impingement in his left hip. Tr. at p. 234. Plaintiff applied for disability and disability insurance benefits in March 2019. Tr. at pp. 194-198. He alleged a disability onset date of November 15, 2015. Tr. at p. 230. Plaintiff's application was initially denied in June 2019, Tr. at p. 78, and upon reconsideration in July 2019. Tr. at p. 95. He then requested a hearing before an Administrative Law Judge ("ALJ"). Tr. at pp. 135-136. The hearing took place before ALJ David Romeo on March 4, 2020, at which Plaintiff and a vocational expert testified. Tr. at pp. 30-62. On March 26, 2020, the ALJ issued a written decision finding Plaintiff was not disabled under the Social Security Act. Tr. at pp. 15-23. On December 9, 2020, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. Tr. at pp. 1-6.

## B. The ALJ's Decision

In his decision, the ALJ made the following findings of fact and conclusions of law. First, the ALJ found that Plaintiff met the insured status requirements of the Social Security Act through March 31, 2021 and that he had not engaged in substantial gainful activity since his alleged onset date. Tr. at p. 17. Second, the ALJ found that Plaintiff had the following severe impairments: status post lumbar surgery with stenosis, radiculopathy and chronic low back pain, post laminectomy syndrome, status post spinal cord stimulator implant, coccydinia, and thoracic sprain. Tr. at p. 18. Third, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. § 404, Subpart P, App. 1 (the "Listings"). Tr. at p. 19. Fourth, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform sedentary work with the following limitations:

> occasional operation of foot controls. Occasional balance, stoop, kneel, crouch, crawl, and climb ramps and stairs. Never climb ropes, ladders or scaffolds. Would need an option to stand for 5 minutes after every 20 minutes of sitting. Can remain on task while standing. Would require a cane to walk but not for balance while standing.

Tr. at pp. 19-20. Fifth, the ALJ found that Plaintiff was unable to perform his past relevant work. Tr. at p. 22. Sixth, the ALJ found that based upon Plaintiff's age, education, and functional abilities there were jobs in the national economy he could perform. Tr. at pp. 22-23. As a result, the ALJ found that Plaintiff was not disabled. Tr. at p. 23.

## II. RELEVANT LEGAL STANDARDS

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. 42 U.S.C. § 405(g); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *accord Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983), *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979). "Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that

which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B. Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. 20 C.F.R. §§ 404.1520, 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial

gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform. Under the cases previously discussed, the claimant bears the burden of the proof as to the first four steps, while the [Commissioner] must prove the final one.

*Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982); *accord McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014). "If at any step a finding of disability or non-disability can be made, the SSA will not review the claim further." *Barnhart v. Thompson,* 540 U.S. 20, 24 (2003).

### III. ANALYSIS

Plaintiff raises three claims of error for review in this proceeding. First, he claims the ALJ erred in his evaluation and explanation of the RFC. Dkt. No. 17, Pl.'s Mem. of Law at pp. 12-16. Second, Plaintiff claims the ALJ erred in evaluating the medical opinions. *Id.* at pp. 16-20. Third, Plaintiff maintains that the ALJ failed to properly evaluate his subjective complaints. *Id.* at pp. 21-25. Defendant responds that the ALJ properly analyzed Plaintiff's disability claim and that the ALJ's findings are supported by substantial evidence. Dkt. No. 20, Def.'s Mem. of Law at pp. 3-23.

**A. The ALJ's RFC Evaluation of Medical Opinions and RFC Finding**

Plaintiff first objects that the ALJ's findings regarding Plaintiff's ability to change from sitting to standing, stay on task during those position changes, and the need to use a cane only for walking were erroneous because "the ALJ failed to identify

6

evidence supporting [those] specific findings and failed to explain how the evidence leads to the specific findings." Pl.'s Mem of Law at pp. 12-13. Plaintiff also appears to object to the finding that he could perform sedentary work. *Id.* at pp. 13-16.

With respect to the propriety of the sit/stand option the Court need not address whether the ALJ failed to properly explain the imposition of that option because even assuming an error it would be harmless. Doctor Lorensen opined that Plaintiff had no restrictions sitting or standing. Tr. at p. 1171. Dr. Koenig, a state agency review physician, found that Plaintiff could sit for six hours out of an eight hour day. Tr. at p. 73. The imposition of a sit/stand limitation, therefore, was a more restrictive RFC then the record suggests was necessary. *Wakefield v. Comm'r of Soc. Sec.*, 2020 WL 3100852, at *5 (W.D.N.Y. June 11, 2020); *Bush v. Colvin*, 2015 WL 4078204, at *7 (N.D.N.Y. July 6, 2015). "The RFC found by the ALJ was more restrictive than the medical opinions at issue and so Plaintiff can show no prejudice from its imposition." *Ryan W. v. Comm'r of Soc. Sec.*, 2022 WL 813934, at *4 (N.D.N.Y. Mar. 17, 2022) (citing cases); *see also Theresa G. v. Saul*, 2021 WL 1535472, at *5 (N.D.N.Y. Apr. 19, 2021).

Plaintiff's objection that the record does not support the ALJ's finding that Plaintiff could remain on task while standing, Pl.'s Mem. of Law at pp. 14-15, is no basis for remand. First, while Plaintiff objects that the record points to no evidence that he could stay on task during a position change, *id.* at p. 15, the Court notes that there appears to be no evidence in that record that Plaintiff could not do so. "It is the burden

7

of the claimant . . . to establish the facts necessary to include limitations within an RFC." *House v. Comm'r of Soc. Sec.*, 2016 WL 4275732, at *10 (N.D.N.Y. Aug. 12, 2016); *see also Mitchell v. Colvin*, 2015 WL 3970996, at *4 (W.D.N.Y. June 30, 2015) ("It is . . . Plaintiff's burden to prove his RFC."). Plaintiff's citation to evidence in the record of back pain does not, as Defendant points out, demonstrate an inability to stay on task during changes in positions.[2] Plaintiff cites to no medical opinion in the record suggesting that he could not remain on task. "[P]laintiff does not point to any evidence that would support a more restrictive RFC." *Dagonese v. Comm'r of Soc. Sec.*, 2020 WL 3046146, at *6 (W.D.N.Y. June 8, 2020). It is Plaintiff's burden to present such evidence and the failure to do so precludes remand on this ground. *Nicole R. T. v. Comm'r of Soc. Sec.*, 2022 WL 866551, at *13 (N.D.N.Y. Mar. 23, 2022); *Burgen v. Colvin*, 2014 WL 7408273, at *8 (N.D.N.Y. Dec. 30, 2014).

Finally, it is unclear why Plaintiff contends that the the ALJ had no basis for imposing a cane restriction when the ALJ clearly was relying on Plaintiff's own statement that he relied on a cane to walk. Tr. at p. 20 (citing Tr. at p. 1169). This, therefore, is no basis for remand.

Plaintiff makes several related arguments about the ALJ's evaluation of the medical opinions and his RFC determination. Pl.'s Mem. of Law at pp. 17-20. After

---

[2] The Court notes that this evidence regarding back pain tends to support the ALJ's imposition of a sit/stand option.

consideration of the arguments set forth by the parties, the Court finds that those arguments also are not a basis for remand.

Plaintiff contends that the "[n]one of the records cited to by the ALJ address the ability to sit, stand, walk, lift, carry, push, pull at the sedentary exertional level with the additional nonexertional limitations." Pl.'s Mem. of Law at pp. 13 & 16. The record is clearly to the contrary. *See*, *e.g.*, Tr. at pp. 1171-1172 (Dr. Lorensen's notations regarding Plaintiff's ability, *inter alia*, to stand, walk, bend, and lift).

"[I]t was within the ALJ's purview to review the opinions of record and weigh them accordingly along with Plaintiff's testimony, reports, and treatment history to determine her RFC." *Nesiba O. v. Comm'r of Soc. Sec.*, 2019 WL 464882, at *7 (N.D.N.Y. Feb. 6, 2019); *see also Jennifer Lee W. v. Berryhill*, 2019 WL 1243759, at *6 (N.D.N.Y. Mar. 18, 2019) (it is the ALJ's role "to choose between properly submitted medical opinions."). Additionally, "[i]t is the province of the ALJ to resolve genuine conflicts in the record." *Clemons v. Comm'r of Soc. Sec.*, 2017 WL 766901, at *4 (N.D.N.Y. Feb. 27, 2017) (citing *Veino v. Barnhart*, 312 F.3d 578, 588 (2d Cir. 2002)). As a result, when the ALJ's conclusions find reasonable support in the record, courts "will defer to the ALJ's resolution" regarding the appropriate weight to be afforded to various medical opinions. *Teresa L. v. Comm'r of Soc. Sec.*, 2020 WL 6875254, at *7 (W.D.N.Y. Nov. 23, 2020). Plaintiff's general argument as to the balancing of the various medical reports and opinions in the record, Pl.'s Mem. of Law at pp. 16-17, must

be rejected as that is properly the role of the ALJ. *Id.*; *see also Joanne D. v. Comm'r of Soc. Sec.*, 2021 WL 1399254, at *4 (W.D.N.Y. Apr. 14, 2021).

Plaintiff next objects that the ALJ failed to properly evaluate the opinions by failing to properly consider the persuasiveness and supportability of the state agency medical opinions. Pl.'s Mem. of Law at pp. 17-18. The ALJ must evaluate the medical opinions and prior medical findings by considering a list of five factors: the supportability of the opinion, consistency with the record and other sources, the relationship that the writer of the opinion has with the claimant, the specialization of the writer, and "other factors." 20 C.F.R. § 404.1520c(c)(1-5). The record before the Court demonstrates that the ALJ fully considered the medical evidence in the record. Tr. at pp. 20-22. While the ALJ could have provided a more detailed explanation for his reasoning with regard to the weighing of certain opinions, a procedural error in not doing so does not automatically trigger the necessity of a remand. *Ricky L. v. Comm'r of Soc. Sec.*, 2022 WL 2306965, at *4 (W.D.N.Y. June 27, 2022). Instead, the Commissioner's decision, when supported by substantial evidence, can be affirmed "where the ALJ's consideration of the relevant factors can be gleaned from the ALJ's decision as a whole." *John L. M. v. Kijakazi*, 2022 WL 3500187, at *2 (N.D.N.Y. Aug. 18, 2022) (citing cases). The ALJ thoroughly discussed the medical records and opinions in the record upon which he relied to assess Plaintiff's RFC. The weight given to the various opinions and the import for the ALJ's RFC finding is clear on the record and the analysis does not require remand for further explanation. *See, e.g.*, *Negron v. Saul*, 2021 WL 465768,

at *24 (S.D.N.Y. Feb. 8, 2021), *report and recommendation adopted*, 2021 WL 1254426 (S.D.N.Y. Apr. 5, 2021); *Douglas v. Berryhill*, 2019 WL 1017341, at *6 (E.D.N.Y. Mar. 4, 2019).

Plaintiff also incorrectly opines that no state agency medical opinion "supports the RFC finding." Pl.'s Mem. of Law at p. 18. The ALJ found that Plaintiff could perform work at a sedentary level, Tr. at pp. 19-20, but Plaintiff concedes that at least some of the opinions found he could work at the "light exertional level." Pl.'s Mem. of Law at p. 16. Nor is Plaintiff's argument that Dr. Lorensen's assessment that Plaintiff had moderate limitations for reaching a basis for remand. Plaintiff argues, correctly, that reaching limitations may eliminate a number of jobs that an individual could perform, *id.* at p. 18, but the RFC did not include the reaching limitation mentioned by Dr. Lorensen and so it had no impact on the jobs Plaintiff could perform. Tr. at pp. 19-20. The ALJ was not obligated to adopt every limitation set forth in a medical opinion he found persuasive. *Jennifer Lee W. v. Berryhill*, 2019 WL 1243759, at *4 (N.D.N.Y. Mar. 18, 2019); *see also Becky Sue H. v. Kijakazi*, 2022 WL 304518, at *4 (N.D.N.Y. Feb. 2, 2022) ("claimant's RFC need not perfectly correspond with any of the medical opinions in the record.").

Plaintiff next objects to the ALJ's rejection of disability findings from workers' compensation proceedings that found Plaintiff 75% to 100% disabled as "not inherently useful or persuasive." Pl.'s Mem. of Law at p. 19 (citing Tr. at p. 22). The assessment of disability contained in a workers' compensation report is, by regulation, not binding

11

on Defendant and considered inherently unpersuasive. 20 C.F.R. §§ 404.1504 & 404.1520b(c); *see also Steve B. v. Comm'r of Soc. Sec.*, 2019 WL 1123065, at *6 (D. Vt. Mar. 12, 2019). The Court thus finds no error.

Plaintiff also contends that the ALJ improperly substituted his own lay medical opinion for that of medical sources and improperly found an RFC without the benefit of a medical opinion. Pl.'s Mem. of Law at pp. 19-20. First, the Court notes that the "RFC is an administrative finding, not a medical finding." *Chasity A. v. Kijakazi*, 2022 WL 1984148, at *3 (N.D.N.Y. June 6, 2022). Plaintiff, therefore, is incorrect that the RFC must be based on a medical opinion. *Shyla D. v. Kijakazi*, 2022 WL 798158, at *5 (N.D.N.Y. Mar. 16, 2022) (citing cases). Nor is the Court persuaded that there were gaps in the record that require remand. The record reflects, as Plaintiff appears to acknowledge, that there are medical opinions in the record that would, if credited, support the RFC. The ALJ did credit these opinions, from Dr. Lorensen and the state agency review physicians, which thus meant there were no gaps in the record that needed to be further addressed.

"Where, as here, the ALJ reaches an RFC determination based on a careful review of the medical evidence and the entire record viewed as a whole, remand is not required." *Shyla D. v. Kijakazi*, 2022 WL 798158, at *5 (citing cases).

### B. Plaintiff's Subjective Complaints

Finally, Plaintiff contends that the ALJ erred in evaluating his subjective complaints both because he failed to identify any objective evidence inconsistent with

Plaintiff's self-reports and because he erroneously concluded that Plaintiff's activities of daily living were inconsistent with his complaints. Pl.'s Mem. of Law at pp. 21-25.

The ALJ is obligated to "carefully consider all the evidence presented by claimants regarding their symptoms, which fall into seven relevant factors including daily activities and the location, duration, frequency, and intensity of their pain or other symptoms." *Debra T. v. Comm'r of Soc. Sec.*, 2019 WL 1208788, at *9 (N.D.N.Y. Mar. 14, 2019) (quoting *Del Carmen Fernandez v. Berryhill*, 2019 WL 667743, at *9 (S.D.N.Y. Feb. 19, 2019)) (internal quotations and alterations omitted).

> The evaluation of symptoms involves a two-step process. First, the ALJ must determine, based upon the objective medical evidence, whether the medical impairments "could reasonably be expected to produce the pain or other symptoms alleged...." 20 C.F.R. §§ 404.1529(a), (b); 416.929(a), (b).
>
> If so, at the second step, the ALJ must consider "'the extent to which [the claimant's] alleged functional limitations and restrictions due to pain or other symptoms can reasonably be accepted as consistent with the [objective medical evidence] and other evidence to decide how [the claimant's] symptoms affect [her] ability to work.'" *Barry v. Colvin*, 606 F. App'x 621, 623 (2d Cir. 2015) (citing *inter alia* 20 C.F.R. § 404.1529(a); *Genier v. Astrue*, 606 F.3d at 49) (alterations in original). If the objective medical evidence does not substantiate the claimant's symptoms, the ALJ must consider the other evidence. *Cichocki v. Astrue*, 534 F. App'x 71, 76 (2d Cir. 2013) (citing superseded SSR 96-7p). The ALJ must assess the claimant's subjective complaints by considering the record in light of the following symptom-related factors: (1) claimant's daily activities; (2) location, duration, frequency, and intensity of claimant's symptoms; (3) precipitating and aggravating factors; (4) type, dosage, effectiveness, and side effects of any medication taken to relieve symptoms; (5) other treatment received to relieve symptoms; (6) any measures taken by the claimant to relieve symptoms; and (7) any other factors concerning claimant's functional limitations and restrictions due to symptoms. 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3).

*Debra N. v. Comm'r of Soc. Sec.*, 2019 WL 1369358, at *7 (N.D.N.Y. Mar. 26, 2019).

Here, the ALJ was clearly aware of the requirements of, and his obligations under, SSR 16-3p, Tr. at pp. 20-21, and the Court finds no error in his evaluation of Plaintiff's subjective complaints that would require remand.

The ALJ concluded that while Plaintiff's impairments could reasonably be expected to cause the symptoms alleged by Plaintiff, he found that "the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." Tr. at p. 20. "An ALJ's evaluation of a social security claimant's subjective symptoms 'is entitled to substantial deference by a reviewing court.'" *Shari L. v. Kijakazi*, 2022 WL 561563, at *12 (N.D.N.Y. Feb. 24, 2022) (quoting *Rivera v. Comm'r of Soc. Sec.*, 368 F. Supp. 3d 626, 645 (S.D.N.Y. 2019)); *see also Nichole L.Q. v. Kijakazi*, 2022 WL 874398, at *6 (N.D.N.Y. Mar. 24, 2022) (noting "great deference" afforded to such findings). This deference is particularly important given that the ALJ was able to observe the demeanor of the Plaintiff while testifying and has the fullest view of the record. *See Christopher B. v. Saul*, 2020 WL 5587266, at *18 (N.D.N.Y. Sept. 18, 2020).

Plaintiff is incorrect in arguing that "the ALJ does not identify any objective evidence inconsistent with Plaintiff's allegations." Pl.'s Mem. of Law at p. 21. The ALJ cited, for example, that Plaintiff had been hunting with friends and is ability to drive. Tr. at p. 20. The ALJ also relied on medical opinions, which he found persuasive,

14

which did not reflect the limitations suggested by Plaintiff's subjective complaints. Tr. at p. 21. Plaintiff's argument, therefore, is best understood as a disagreement with the manner in which the ALJ relied upon the evidence. *See Steven H. v. Comm'r of Soc. Sec.*, 2021 WL 1893476, at *5 n.9 (W.D.N.Y. May 11, 2021). "Since the record contained some evidence that was inconsistent with Plaintiff's subjective complaints, the ALJ had discretion to weight that evidence against Plaintiff's subjective complaints." *Martucci v. Saul*, 2019 WL 2710795, at *5 (D. Conn. June 27, 2019). While Plaintiff points to other evidence in the record which supports his position regarding the severity of his subjective complaints, Pl.'s Mem. of Law at p. 22, it was ultimately for the ALJ, not this Court, to resolve such evidentiary conflicts. *Mitch v. Comm'r of Soc. Sec.*, 2020 WL 1873025, at *9 (W.D.N.Y. Apr. 15, 2020) (citing cases); *Conger v. Comm'r of Soc. Sec.*, 2018 WL 947662, at *4 (N.D.N.Y. Feb. 16, 2018).

The Court also disagrees that the ALJ mischaracterized Plaintiff's activities in a way that warrants remand. *See* Pl.'s Mem. of Law at pp. 23-24. Viewed in context, the Judge Romeo appears to have fully considered the objective medical evidence, Plaintiff's hearing testimony, and his complaints of pain. *See* Tr. at pp. 20-21. In evaluating the record, "[t]he ALJ need not explicitly reconcile every conflicting shred of evidence." *Whipple v. Colvin*, 2014 WL 1123459, at *8 (N.D.N.Y. Mar. 21, 2014). Again, Plaintiff's argument is primarily that he disagrees with the ALJ's assessment of the record. *See* Pl.'s Mem. of Law at p. 24. The Court, affording the ALJ's decision the appropriate deference, concludes that the ALJ's finding regarding Plaintiff's

subjective complaints is supported by substantial evidence. *Amanda S. v. Kijakazi*, 2022 WL 4104008, at *6 (N.D.N.Y. Sept. 8, 2022).

## IV. CONCLUSION

**ACCORDINGLY**, it is

**ORDERED**, that Plaintiff's Motion for Judgment on the Pleadings is **DENIED**; and it is further

**ORDERED**, that Defendant's Motion for Judgment on the Pleadings is **GRANTED**; and it is further

**ORDERED**, that Defendant's decision denying Plaintiff disability benefits is **AFFIRMED**; and it is further

**ORDERED,** that the Clerk of the Court shall serve copies of this Memorandum-Decision and Order on the parties.

Dated: September 28, 2022
      Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge